UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>  v.<br>PAUL DOUGLAS WHITE,<br>        Defendant. | No. 2:13-cr-00337-GEB<br><br>**TRIAL CONFIRMATION ORDER** |

Trial in the above-captioned case, scheduled to commence at 9:00 a.m. on January 26, 2016, was confirmed at the hearing held on December 18, 2015.

**TRIAL PREPARATION**

A. No later than five (5) court days before trial, the following documents shall be filed:[1]

    (1) proposed jury instructions and a proposed verdict form;

    (2) proposed voir dire questions to be asked by the Court;

    (3) trial briefs; and

    (4) a joint statement or joint proposed jury instruction that can be read to the jury during voir dire that explains the nature of the case.

---

[1] Defendant need not file a trial brief and/or proposed jury instructions if he has tactical or other reasons for not complying with this portion of the order.

1

<u>Trial briefs shall include any reasonably anticipated dispute concerning the admissibility of evidence.</u>

B.   The government's exhibits shall be numbered with stickers. Should the defendant elect to introduce exhibits at trial, such exhibits shall be designated by alphabetical letter with stickers. The parties may obtain exhibit stickers from the Clerk's Office.

C.   The parties estimate it will take approximately four (4) court days to try the case, which includes closing arguments. Each side indicated ten (10) minutes is sufficient for voir dire, which may be used after the judge completes judicial voir dire. One (1) alternate juror will be empaneled.

The "struck jury" system will be used to select the jury. The struck jury system is "designed to allow both the prosecution and the defense a maximum number of peremptory challenges. The venire . . . start[s] with about 3[6] potential jurors, from which the defense and the prosecution alternate[] with strikes until a petite panel of 12 jurors remain[s]." <u>Powers v Ohio</u>, 499 U.S. 400, 404-05 (1991); <u>see also</u> <u>United States v. Esparza-Gonzalez</u>, 422 F.3d 897, 899 (9th Cir. 2005) (discussing the "struck jury" system).

The Jury Administrator randomly selects potential jurors and places their names on a list that will be provided to each party in the numerical sequence in which they were randomly selected. Each juror will be placed in his or her randomly-selected seat. The first 12 jurors on the list will constitute the petit jury unless one or more of those 12 is excused for some reason. Assuming that the first listed juror is excused, the

thirteenth listed juror becomes one of the twelve jurors.

The Courtroom Deputy will give each juror a large laminated card on which their number is placed. When questions are posed to the jurors as a group, they will be asked to raise their number if they have a response. Generally, jurors will be given an opportunity to respond in numerical order, in which the juror with the lowest numbered laminated card may respond first.

Following the voir dire questioning, each side will take turns exercising its peremptory challenges. The parties will be given a sheet of paper ("strike sheet") upon which they shall silently exercise their peremptory challenges in the manner specified on the strike sheet, commencing with Defendant, by passing the strike sheet back and forth until all peremptory challenges are used or waived.[2] See Esparza-Gonzalez, 422 F.3d at 899 ("Beginning with the defense, each side exercises its . . . peremptory strikes on an alternating basis."). If a side elects to pass rather than exercise a particular peremptory challenge, that challenge is waived.[3]

The parties agreed to retain the alternate juror after the jury retires to deliberate, and that the alternate juror is no longer required to appear in court unless directed to appear by the Courtroom Deputy.

The Court intends to use the attached proposed jury

---

[2] Prospective alternate juror peremptory challenges "may be used only to remove alternate jurors." Fed. R. Crim. P. 24(c)(4).

[3] See id. (discussing waiver of peremptory challenges in "struck jury system"); see generally United States v. Yepiz, 685 F.3d 840, 845-46 (9th Cir. 2012) (indicating "'use it or lose it' voir dire practice" is authorized if "the composition of the panel" does not change).

3

instruction concerning the alternate juror's "on-call status" in its closing jury instructions.

    D.  It was agreed at the confirmation hearing that each side has up to ten (10) minutes to make an opening statement.

### OBJECTIONS TO TRIAL CONFIRMATION ORDER

Any party may, within three (3) court days after the date this Trial Confirmation Order ("Order") is filed, file and serve written objections to any part of the Order. Any objection must specify the requested correction, addition, and/or deletion. Any response to an objection must be filed and served within two (2) court days after the objection is filed.

If no objection is filed, this Order will become final without further order of this Court.

IT IS SO ORDERED.

Dated: December 18, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

**Proposed Jury Instruction re: Alternate On-Call Status**

Under federal law, an alternate juror can only go into the jury deliberation room if the alternate juror replaces a juror. Therefore, you may leave the courthouse now and do what you normally do when you are not on a jury. However, you are bound by the admonitions I gave in the jury instructions, since I may have to replace one of the deliberating jurors. If you are needed to replace a juror, the Courtroom Duty will tell you to appear in this courtroom. Provide the Courtroom Deputy with your contact information before you leave the courtroom. If the trial is resolved, the Courtroom Deputy will inform you that you are discharged from further service on this case and are released from the admonitions. In the event I do not see you again, thank you for your service on this case.