PHILLIP A. TALBERT
Acting United States Attorney
TODD A. PICKLES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:13-CR-00337 GEB |
|---|---|
| Plaintiff, | UNITED STATES'S SENTENCING MEMORANDUM |
| v. | |
| PAUL WHITE, | Date:   July 8, 2016<br>Time:   9:00 a.m.<br>Judge: Hon. Garland E. Burrell, Jr. |
| Defendant. | |

## I. INTRODUCTION

The United States respectfully requests that the Court find that the total offense level is 27 with a criminal history category of I, and the resulting advisory sentencing range is 70-87 months with respect to defendant Paul White. For the reasons stated below, the United States recommends the Court sentence White to 70 months imprisonment based on the Court's consideration of the factors set forth under 18 U.S.C. § 3553(a).

## II. GUIDELINES CALCULATION

The Probation Officer has prepared a presentence investigation report (PSR) that finds a total offense level of 29. After preparation of the final PSR, White debriefed as required to be eligible for the safety-valve provisions of the Sentencing Guidelines. *See* U.S.S.G. § 5C1.2; *see also* 18 U.S.C. § 3553(f). Because White has satisfied all of the elements of the safety-valve provision, this reduces his offense level by two. *See* U.S.S.G. § 2D1.1(b)(17). This results in a total offense level of 27. With a

total offense level of 27, and a criminal history category of I, the advisory sentencing range is 70-87 months imprisonment.

### III.  SENTENCING RECOMMENDATION

The United States has carefully considered facts of this case, as well as the information in the PSR, including its supplement. The Probation Officer has recommended a low-end sentence, primarily due to White's past substance abuse, the fact that he was raised within a family in which members were involved in crime, and that he has no prior criminal convictions. When viewed in the context of the factors set forth in 18 U.S.C. § 3553(a), and considering the Department of Justice's guidance with respect to non-violent felony drug offenders as well as the sentences imposed in this case with respect to others involved, the United States recommends a sentence of 70 months imprisonment.

The PSR notes that both of White's parents had numerous criminal arrests and convictions during the time period when White would have been in his home, and that this includes drug trafficking offenses. The PSR identifies that White sold drugs for his father while the father was arrested, and that this occurred during the time period of the criminal conduct for which White has pled guilty. This is also consistent with the evidence developed on recorded conversations during the investigation. The United States has considered in its recommendation that White was raised in a criminal environment and was motivated to participate in the drug-trafficking offense due, at least in part, to his family connections.

Additionally, the United States is also mindful as to the other sentences imposed for the defendants in this and related cases. This includes Cassandra Ross-Morales, whom this Court sentenced to 51 months imprisonment. Ross-Morales scored a criminal history category IV but had a role similar to that of White in distributing methamphetamine as part of the larger drug-trafficking network that also included White and co-defendant Gregory Mayo. Ross-Morales was also in a relationship with White's father during the same time-period as when White was dealing narcotics. Her sentence was based in great part on her cooperation on multiple cases. The United States also has considered Mayo, who was sentenced to 96 months after a motion for downward departure for cooperation as well as a downward variance based on his very significant post-offense rehabilitation. Although the United States is not seeking a downward departure here, it has considered the sentences of Ross-Morales and Mayo.

The United States has further considered the need to deter White and others from engaging in the distribution of methamphetamine, which is a very serious drug with negative impacts on society, the need to promote respect for the law, and the overall seriousness of the offense. Finally, the United States believes that a term of imprisonment will afford White the educational and vocational training for which he indicates an interest. When considering all of the § 3553(a) factors, the United States believes that a sentence of 70 months imprisonment is appropriate in this case. The United States supports the term of supervised release in the PSR as well as the lack of an imposition of a fine.

### IV.  500-HOUR BOP SUBSTANCE ABUSE TREATMENT PROGRAM

The PSR notes that White was raised in an abusive home, and that this included the introduction of alcohol at an early age. Indeed, White has had numerous problems with substance abuse during the pendency of this matter, including those which ultimately led to him being detained for violation of his pretrial conditions of release. Based on the information in the PSR, the United States has no objection to the Court recommending White participate in the 500-Hour BOP Substance Abuse Treatment Program.

### V.  APPELLATE RIGHTS

The defendant has waived his right to appeal his conviction and to appeal any sentence so long as the sentence does not exceed 121 months imprisonment. The defendant should be advised of this waiver, and that it is generally enforceable in the event of an appeal. Further, such appeal will be a violation of the plea agreement.

### VI.  DISMISSAL OF REMAINING CHARGES

At the time of sentencing, the United States will orally move to dismiss the remaining counts in the indictment as to White.

Respectfully submitted,

Dated: July 5, 2016

BENJAMIN B. WAGNER
United States Attorney

By: */s/ Todd A. Pickles*
TODD A. PICKLES
Assistant United States Attorney